# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CHUCK BIVENS SERVICES, INC.**
**dba STATES ENGINEERING,**

       **Plaintiff,**

                                **Civil Action 2:12-cv-200**
      **v.**                         **Judge Gregory L. Frost**
                                **Magistrate Judge Elizabeth P. Deavers**

**MCWANE, INC. dba CLOW**
**WATER SYSTEMS, CO.,**

       **Defendant.**

## <u>OPNION AND ORDER</u>

       Chuck Bivens Services, Inc., doing business as States Engineering ("Plaintiff"), brings this action against McWane, Inc., doing business as Clow Water Systems Co. ("Defendant"), asserting state-law breach-of-contract and unjust enrichment claims.  Jurisdiction is proper under 28 U.S.C. § 1332(a).  This matter is before the Court for consideration of Plaintiff's Motion for Extension of Time to File Expert Reports (ECF No. 40); Defendant's Motion for an Order Disallowing Expert Testimony From Frank A. Ecker and John M. Stark (ECF No. 43); and Plaintiff's Motion to Strike and for Sanctions (ECF No. 45).  For the reasons that follow, Plaintiff's Motions are **DENIED**, and Defendant's Motion is **GRANTED IN PART**.

### I.

       On October 2, 2012, this Court issued a Preliminary Pretrial Order ("PPO"), a scheduling order containing the deadlines that the parties had recommended to the Court in their Rule 26(f) report.  (ECF No. 20.)  The PPO set March 1, 2013, as the deadline for expert disclosures, with April 15, 2013, as the deadline for rebuttal expert disclosures.  The Court also set July 1, 2012,

as the discovery deadline and July 31, 2013, as the case-dispositive motion deadline.  In an October 3, 2012 Scheduling Order, the Court repeated the dispositive motion deadline, set the September 20, 2013 non-oral hearing on any dispositive motions, and scheduled the final pretrial conference for December 19, 2013, with a January 1, 2014 jury trial date.  (ECF No. 21.)

On March 1, 2013, Plaintiff disclosed three of its employees who would offer expert opinions.  On April 15, 2013, Defendant disclosed five rebuttal expert witnesses, three of whom are current or former employees.  Defendant retained the other two witnesses it disclosed, Frank A. Ecker and John M. Stark.  To date, Defendant has not provided written reports for Messrs. Ecker and Stark.

On April 16, 2013, the parties jointly moved for an extension of the discovery and dispositive motion deadlines.  (ECF No. 34.)  The Court granted in part and denied in part the parties' motion, extending the discovery deadline to September 1, 2013, but declining to modify the July 31, 2013 dispositive motion deadline.  (ECF No. 35.)  In doing so, the Court characterized the parties' discovery deadline issues as "self-inflicted" and as failing to present good cause.  (*Id*. at 2.)

On April 25, 2013, Plaintiff's counsel requested depositions of Defendant's experts.  The next day, Defense counsel sent correspondence to Plaintiff's counsel voicing Defendant's objections to Plaintiff's expert disclosures for Messrs. Ecker and Stark.  (ECF No. 42-3.)  More specifically, Defense counsel asserted that the disclosures failed to comply with any of the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B) and indicated that absent an agreement, Defendant intended to file a motion requesting exclusion of evidence from Messrs. Ecker and Stark.  (*Id*.)  The parties continued to correspond, but were unable to reach a

2

resolution.  (ECF Nos. 42-5 and 42-6.)

Plaintiff filed the subject Motion for Extension of Time to File Expert Reports on May 13, 2013.  (ECF No. 40.)  Plaintiff asks the Court to extend the responsive-expert disclosures deadline from April 15, 2013, until July 10, 2013, for Messrs. Ecker and Stark.  In a nutshell, Plaintiff submits that good cause exists for its requested schedule modification because its rebuttal experts do not yet have any expert opinions to rebut.  Plaintiff explains that Defendant did not produce expert reports and that it has not yet conducted the depositions of Defendant's experts due to scheduling issues.  (Pl.'s Mot. 3–4, ECF No. 40.)  Plaintiff maintains that extension of the expert disclosure deadline for Messrs. Ecker and Stark will not prejudice Defendant because one of the experts will testify concerning damages and Plaintiff could depose the other before the July 31, 2013 dispositive motion deadline.

Defendant opposes Plaintiff's request for an extension of the responsive-expert disclosures deadline, asserting that Plaintiff has failed to establish good cause for the requested extension.  Defendant posits that its failure to produce expert reports cannot establish good cause because Rule 26 does not require production of reports from its employee experts.  Defendant further submits that Plaintiff's good-cause showing cannot rest upon its failure to depose Defendant's experts before the April 15, 2013 responsive-expert disclosures deadline.  Finally, Defendant represents that it will likely suffer prejudice if the Court extends the deadline until July 10, 2013.  Defendant explains that it will only have three weeks to prepare for and take the depositions of Messrs. Ecker and Stark and prepare a dispositive motion.  Defendant adds that during this time frame, its counsel will also be preparing for a trial in another case scheduled to commence on July 30, 2013.

3

In a separate motion, Defendant moved under Federal Rule of Civil Procedure 37(c)(1) for an order disallowing any expert testimony in this action from Messrs. Ecker and Stark.  (ECF No. 43.)  Additionally, through this Motion, Defendant seeks its reasonable expenses, including attorneys' fees incurred as a result of Plaintiff's failure to properly disclose Messrs. Ecker and Stark.

Plaintiff counters that it acted diligently in attempting to meet the deadlines set forth in the Court's PPO.  Referencing the difficulty the parties encountered in coordinating the depositions Defendant requested, Plaintiff asserts that "requesting depositions [of Defendant's experts] prior to April 15, 2013, would have been nothing more than an empty gesture."  (Pl.'s Am. Response to Def.'s Mot. 2, ECF No. 47.)  Plaintiff has also moved to strike Defendant's Memorandum in Opposition to its Motion for Extension of Time to File Expert Reports and for an award of attorneys' fees and costs.  (ECF No. 45.)  Plaintiff contends that Defendant's disclosure confidential communications in the first three paragraphs of its Memorandum in Opposition violated of Local Rule 16.3.

## II.

### A.    Motion to Strike (ECF No. 45)

As a threshold matter, Plaintiff's Motion to Strike and for Sanctions is **DENIED**. Defendant's Memorandum in Opposition did not violate Local Rule 16.3(c).  "This Rule by its express terms relates to 'ADR proceedings conducted under the authority of this Court.'"  *Zep Inc. v. Midwest Motor Supply Co.*, No. 2:09–cv–760, 2010 WL 2105365, at *3 (S.D. Ohio May 25, 2010) (Frost, J.) (quoting S. D. Ohio Civ. R. 16.3).  Further, Rule 16.3(c) "relates to the admission of evidence of conduct or statements 'to prove liability for or invalidity of a claim or

its amount[.]'" *Id.* Here, the communications referenced in Plaintiff's Memorandum in opposition occurred outside the context of this Court's ADR proceedings and were not offered to prove liability on the underlying claims. The Court agrees, however, that the paragraphs at issue lack any relevance to the determination of Plaintiff's Motion and has, therefore, disregarded them for purposes of resolving the pending motions.

**B.     Motion for Extension of Time (ECF No. 40)**

Plaintiff asks this Court to modify the October 2, 2012 PPO to extend the disclosures deadline for responsive experts. A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a  modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Perform. Indus, Inc*., 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks and citation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Plaintiff has failed to establish that good cause exists to modify the case schedule. Plaintiff's proffered justification, namely that its rebuttal experts do not yet have any expert

opinions to rebut, is not well taken.[1]  The absence of any expert opinions to rebut is attributable

to Plaintiff's failure to schedule depositions of Defendant's experts prior to the April 15, 2013

responsive-expert disclosures deadline.  Significantly, Plaintiff did not even request to take

Defendant's experts' depositions until April 25, 2013, ten days after the responsive-expert

disclosures deadline.  Plaintiff's contention that requesting the depositions of Defendant's

experts prior to the April 15, 2013 deadline would have been nothing more than an empty

gesture does not persuade the Court to find that Plaintiff exhibited the requisite diligence.

Plaintiff's assertion of futility is premised upon the scheduling issues the parties encountered on

March 19, 2013, when Defense counsel contacted Plaintiff's counsel to request deposition dates.

If Plaintiff knew then, more than a month before the responsive-expert disclosures deadline

expired, that it would need an extension, it should not have waited nearly two months to seek

one.  Moreover, as the Court observed in its April 17, 2013 Order, the parties have had "ample

time to prepare their cases."  (ECF No. 35 at 2.)  The Court also noted that to the extent they

"elected to delay scheduling necessary depositions or conducting other discovery, then the

parties' discovery deadlines issues are essentially self-inflicted" and "do not present good

cause."  (*Id.*)

   Plaintiff's assertion that it believed that Defendant would supplement its expert

disclosures with expert reports likewise fails to establish good cause.  Rule 26(a)(2)(B) only

requires disclosure of written reports "if the witness is one retained or specially employed to

---

[1]Moreover, Plaintiff's proffered justification speaks only to its alleged inability to timely provide the written reports required under Rule 26(a)(2)(B)(i)-(iii).  Plaintiff, however, also failed to timely provide the information required under Subsections (a)(2)(B)(iv)-(vi), which it belatedly included in its May 10, 2013 First Supplemental Disclosure.  (ECF No. 39.)

provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony." *See* Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(C) provides that a witness who is not required to provide a written report under Subdivision (a)(2)(B) can summarily disclose his or her opinions.  Fed. R. Civ. P. 26(a)(2)(C).  Subdivision(a)(2)(C) "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement."  Fed. R. Civ. P. 26 advisory committee's notes to 2010 amendments.  The Advisory Committee's Notes indicate that "[f]requent examples" of experts not required to provide a written report under Subdivision (a)(2)(B) "include employees of a party who do not regularly provide expert testimony." *Id.*  The Court agrees with Defendant, that the three employees it identified in its expert disclosures fall squarely within the Advisory Committee Notes' description of experts who do not need to provide a written report.  All three of the employees who Defendant identified formed their opinions during the course of their regular employment, and their job duties do not regularly involve giving expert testimony.  *See Ross v. Am. Red Cross*, No. 2:09-cv-905, 2012 WL 1656995, at *10 (S.D. Ohio May 10, 2012) (Frost, J.) (concluding that an employee of the Red Cross was not required to provide a written report with her disclosures under Rule 26(a)(2)(B) because she was not a retained expert and her job responsibilities did not regularly involve giving expert testimony); *Wilson v. Hill*, No. 2:08-cv-552, 2012 WL 1068174, at *6 (S.D. Ohio Mar. 29, 2012) (same); *Downey v. Bob's Disc. Furn. Holdings, Inc.*, 633 F.3d 1, 6–7 (1st Cir. 2011) (holding that an exterminator who formed an opinion as to the cause of bedbug infestation within the court of exterminating the problem was not required to produce a written report under Rule 26(a)(2)(B)).  Although Plaintiff asserts that there exists a "good faith dispute" and that the

7

issue "is not as clear as [Defendant] would suggest" (Pl.'s Mot. 6–7, ECF No. 40), Plaintiff notably did not seek an extension of time to produce the expert reports of its three employees it disclosed as rebuttal experts.  Further, Plaintiff did not object to Defendant's expert disclosures or seek an extension of the responsive-expert disclosures deadline until after Plaintiff objected to its disclosures for Messrs. Ecker and Stark.  Under these circumstances, the Court cannot find that Plaintiff exhibited the requisite diligence.

Although Plaintiff's inability to set forth good cause is dispositive, the Court further notes that granting the relief requested may result in prejudice to Defendant.  The dispositive motion deadline is July 31, 2013, twenty-one days after Plaintiff has proposed producing their expert reports.  Presumably, Defendant will want its experts to review Messrs. Ecker and Stark's reports before Defense counsel deposes them.  Thus, if the Court granted Plaintiff's Motion, in addition to drafting Defendant's dispositive motion and preparing for a trial in another case within this three week period, Defense counsel would also need to carve out time to coordinate with its experts and to prepare for and take the depositions.

In sum, Plaintiff's failure to show diligence and the risk of prejudice to Defendant leads the Court to determine that Plaintiff has failed to demonstrate good cause as required under Rule 16.  Plaintiff's Motion for Extension of Time to File Expert Reports is, therefore, **DENIED**. (ECF No. 40.)

## C.    Motion to Disallow Expert Testimony (ECF No. 43)

Defendant seeks an order excluding Messrs. Ecker and Stark from offering expert testimony in this action, citing Plaintiff's failure to provide written reports as required under Rule 26(a)(2)(B).  Rule 26(a)(2)(B) outlines a party's disclosure requirements for expert

witnesses who, like Messrs. Ecker and Stark, are specially retained to provide expert testimony. It is undisputed that Plaintiff's April 15, 2013 disclosure was insufficient in that it failed to contain any of the required information.  Plaintiff's May 10, 2013 Supplemental Disclosure provided the information required under Subsections (a)(2)(B)(iv)-(vi), but did not include a written report that incorporated the information required under Subsections (a)(2)(B)(i)-(iii).

Failure to comply with Rule 26(a) gives rise to sanctions under Federal Rule of Civil Procedure 37(c)(1) unless the violation was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by 26(a) . . ., the party is not allowed to use that information or witness to supply evidence, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Roberts ex rel. Johnson v. Glen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'").  The burden to prove harmlessness is on the potentially sanctioned party.  *Roberts*, 325 F.3d at 782; *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless").

"Harmlessness . . . is key under Rule 37, not prejudice."  *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir. 2003).  The Advisory Committee's Note to the 1993 Amendments to Rule 37 "'strongly suggests that "harmless" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'"  *Id*. (quoting *Vance*, 1999 WL 455435

at *5); Fed R. Civ. P. 37(c)(1) advisory committee's note to 1998 amendments (offering as an examples of a "harmless" violation "the inadvertent omission from a Rule 26(a)(1)(A) disclosure the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a *pro se* litigant of the requirement to make the disclosures.").

Although Rule 37(c)(1) sanctions are mandatory, the sanction of exclusion is not required. Instead, "[i]n addition to or instead of [exclusion], the court, on motion and after giving opportunity to be heard . . . may impose other appropriate sanctions . . . ." Fed. R. Civ. P. 37(c)(1)(C); *Roberts*, 325 F.3d at 783–84 ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety."); Fed. R. Civ. P. advisory committee's note to the 1993 amendments (noting that "the rule provides the court with a wide range of other sanctions").

In this case, it is evident that Plaintiff violated Rule 26(a) in failing to timely disclose any of the information required under Rule 26(a)(2)(B) for Messrs. Ecker and Stark. For the reasons discussed above, the Court finds that Plaintiff has failed to demonstrate substantial justification for its delay in providing the information required. In an attempt to escape sanctions, Plaintiff submits that its violations were harmless, emphasizing that Defendant is not prejudiced because it can depose Messrs. Ecker and Stark after it provides their expert reports. As set forth above, however, harmlessness under Rule 37 "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party," not an inquiry into whether the violation results in prejudice. *Roberts*, 325 F.3d at 782; *Sommer*, 317 F.3d at 692. Regardless, as discussed above, granting the relief Plaintiff requests may result in prejudice to Defendant.

Because Plaintiff violated Rule 26(a), this Court must order sanctions under Rule

10

37(c)(1).  The Court agrees with Defendants that exclusion of these witnesses is the appropriate sanction.  Plaintiff has provided no justification, let alone substantial justification for failing to timely provide the information required under Subsections (a)(2)(B)(iv)-(vi).  Further Plaintiff has identified three other rebuttal experts who will purportedly offer testimony on issues relating to liability.  This, coupled with Plaintiff's failure to prove harmlessness and the risk of prejudice, persuades the Court that exclusion is the appropriate sanction.  *See Bowe v. Consol. Rail Corp.*, No. 99–4091, 2000 WL 1434584, at *3–4 (6th Cir. Sept. 19, 2000) (affirming the exclusion of an expert witness at trial when the defendants had no knowledge of the substance of the expert's reports).

## III.

For the reasons set forth above, Plaintiff's Motion for Extension of Time to File Expert Reports (ECF No. 40) is **DENIED**; Defendant's Motion for an Order Disallowing Expert Testimony From Frank A. Ecker and John M. Stark (ECF No. 43) is **GRANTED IN PART**; and Plaintiff's Motion to Strike and for Sanctions (ECF No. 45) is **DENIED**.  The Court **EXCLUDES** Messrs. Ecker and Stark from offering expert testimony in this action, but declines to award attorneys' fees or additional sanctions.

**IT IS SO ORDERED**.


Date:  June 7, 2013                                    ___/s/ *Elizabeth A. Preston Deavers*___
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge

11